```
USDC SDNY
DOCUMENT
EL...          FILED
DO
DATE x.     AUG 2 4 2020
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

REBECCA ANGULO,

                         Plaintiff,       :

           -against-

36TH STREET HOSPITALITY LLC, *individually d/b/a* :
*Taj II*, and 36TH STREET HOSPITALITY LLC,
*individually d/b/a Suite36*,

                         Defendants.   :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MEMORANDUM DECISION
AND ORDER

19 Civ. 5075 (GBD) (SLC)

**GEORGE B. DANIELS, United States District Judge:**

       Plaintiff Rebecca Angulo brings this action against Defendant seeking damages for gender discrimination, sexual harassment, a hostile work environment, and constructive discharge, in violation of New York State Human Rights Law, N.Y. Exec. Law § 296 (the "NYSHRL") and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107(1) (the "NYCHRL"). (Compl., ECF No. 1, ¶ 1.) Plaintiff previously worked as a waitress at the restaurants Suite36 and Taj II, which were operated by Defendant 36th Street Hospitality LLC. Plaintiff alleges that while she was employed by Defendant's businesses, Defendant's owner, David Casey, sexually assaulted her at his home and subsequently sexually harassed her at work. (Compl. ¶¶ 34–60.) Plaintiff maintains that Casey's actions led to Plaintiff's constructive discharge and that she suffered, and continues to suffer, physical injuries and severe emotional distress, including attempted suicide. (*See, e.g.,* Compl. ¶¶ 48, 50, 55, 57, 60, 61, 64–66, 73.)

       Defendant has failed to answer, appear, or otherwise file a motion in the instant action. Accordingly, Plaintiff moved for default judgment against Defendant on January 21, 2020. (Notice of Mot. for Def. J., ECF No. 41.) This Court granted Plaintiff's motion and referred the matter to

Magistrate Judge Sarah L. Cave for an inquest on damages. (Order, ECF No. 46; *see also* Order of Reference, ECF No. 45.)

Before this Court is Magistrate Judge Cave's July 31, 2020, Report and Recommendation (the "Report"),[1] recommending that this Court award Plaintiff: (1) $498,047.55 in compensatory damages (comprised of $97,109.79 in back pay, $100,937.76 in front pay, and $300,000 in emotional distress damages), (2) $100,000 in punitive damages, (3) prejudgment interest at a rate of 9% on back pay awarded as part of compensatory damages, (4) post-judgment interest pursuant to 28 U.S.C. § 1961(a), (5) $22,845 in attorneys' fees, and (6) $780.66 in costs. (Report, ECF No. 61, at 2.) Magistrate Judge Cave advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.* at 43.) No objections were filed. Having reviewed Magistrate Judge Cave's Report for clear error, this Court ADOPTS the Report in full.

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). Clear error is present when "upon review of the entire record, [the court is] 'left with the definite and firm conviction that a mistake has been committed.'" *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

Magistrate Judge Cave conducted a comprehensive and careful inquest. This Court finds no error, clear or otherwise in the Report's analysis. Accordingly, this Court adopts Magistrate

---

[1] The procedural and factual background is set forth in extensive detail in the Report and is incorporated by reference herein.

Judge Cave's recommended judgment regarding damages, attorneys' fees, and costs for the reasons stated in the Report.

## I.    CONCLUSION

Magistrate Judge Cave's Report is ADOPTED in its entirety.  Final judgment shall be entered ordering Defendant 36th Street Hospitality LLC to pay Plaintiff: (1) $498,047.55 in compensatory damages, (2) $100,000 in punitive damages, (3) prejudgment interest at a rate of 9% on $97,109.79 of awarded back pay, (4) post-judgment interest pursuant to 28 U.S.C. § 1961(a), (5) $22,845 in attorneys' fees, and (6) $780.66 in costs.

Dated: New York, New York
       August 24, 2020

SO ORDERED.

GEORGE B. DANIELS
United States District Judge

3